**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BALLY TOTAL FITNESS OF | ) | |
| GREATER NEW YORK, INC. , <u>et al.</u>, | ) | Case No. 07-12395 (BRL) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER AUTHORIZING
THE DEBTORS TO (I) PREPARE A CONSOLIDATED LIST OF CREDITORS
AND EQUITY SECURITY HOLDERS IN LIEU OF A MAILING MATRIX, (II)
FILE A CONSOLIDATED LIST OF THE FIFTY LARGEST
UNSECURED CREDITORS, (III) MAIL INITIAL NOTICES
<u>AND (IV) PROVIDE ONLY PUBLICATION NOTICE TO CUSTOMERS</u>**

**("CONSOLIDATED LIST OF CREDITORS AND MAIL NOTICES ORDER")**

Upon consideration of the motion (the "**Motion**")[1] of the Debtors[2] for entry of an order authorizing the Debtors to (a) prepare a consolidated list of creditors and equity security holders in lieu of a mailing matrix, (b) file a consolidated list of the fifty (50) largest unsecured creditors, (c) mail initial notices and (d) provide only publication notice to existing and former customers; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and upon the Affidavit of Don R. Kornstein, Interim

---

[1] Capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Motion.

[2] The Debtors in these proceedings are: Bally Total Fitness of Greater New York, Inc., Bally Total Fitness Holding Corporation, Bally Total Fitness Corporation, Bally ARA Corporation, Bally Fitness Franchising, Inc., Bally Franchise RSC, Inc., Bally Franchising Holdings, Inc., Bally Real Estate I LLC, Bally REFS West Hartford, LLC, Bally Sports Clubs, Inc., Bally Total Fitness Franchising, Inc., Bally Total Fitness International, Inc., Bally Total Fitness of California, Inc., Bally Total Fitness of Colorado, Inc., Bally Total Fitness of Connecticut Coast, Inc., Bally Total Fitness of Connecticut Valley, Inc., Bally Total Fitness of Minnesota, Inc., Bally Total Fitness of Missouri, Inc., Bally Total Fitness of Philadelphia, Inc., Bally Total Fitness of Rhode Island, Inc., Bally Total Fitness of the Mid-Atlantic, Inc., Bally Total Fitness of the Midwest, Inc., Bally Total Fitness of the Southeast, Inc., Bally Total Fitness of Toledo, Inc., Bally Total Fitness of Upstate New York, Inc., BTF Cincinnati Corporation, BTF Europe Corporation, BTF Indianapolis Corporation, BTF Minneapolis Corporation, BTF/CFI, Inc., BTFCC, Inc., BTFF Corporation, Greater Philly No. 1 Holding Company, Greater Philly No. 2 Holding Company, Health & Tennis Corporation of New York, Holiday Health Clubs of the East Coast, Inc., Holiday/Southeast Holding Corp., Jack LaLanne Holding Corp., New Fitness Holding Co., Inc., Nycon Holding Co., Inc., Rhode Island Holding Company, Tidelands Holiday Health Clubs, Inc., and U.S. Health, Inc.

Chairman and Chief Restructuring Officer of Bally Total Fitness Holding Corporation, in Support of First Day Motions (the "**First Day Affidavit**"), filed contemporaneously with the Motion; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this Motion is a core proceeding pursuant to 28 U.S.C. § 157; and adequate notice of the Motion and opportunity for objection having been given; and it appearing that no other notice need be given; and after due deliberation and sufficient cause therefor, it is hereby:

1. ORDERED that the Motion is granted; and it is further

2. ORDERED that notwithstanding Bankruptcy Rule 1007(d) and Local Bankruptcy Rule 1007-1, the Debtors are authorized, but not directed, to prepare a consolidated list of creditors and a list of equity security holders in a computer readable format that is acceptable to the Clerk of the Court and to make such list available only upon request; and it is further

3. ORDERED that the Debtors are authorized, but not directed, to file a consolidated list of their fifty (50) largest general unsecured creditors; and it is further

4. ORDERED that the Debtors, with the assistance of Kurtzman Carson Consultants LLC ("**KCC**") (upon this Court's authorization to engage KCC as the Debtors' notice and claims agent (the "**Notice and Claims Agent**")), are authorized, but not directed, to mail initial notices, such as (a) a notice of filing of the Chapter 11 Cases; (b) a notice of a meeting of creditors under section 341 of the Bankruptcy Code; and (c) any correspondence the Debtors may wish to send to creditors and equity security holders as part of the Debtors' communication efforts to keep their creditors and equity security holders informed with respect to the status of the Chapter 11 Cases; and it is further

5. ORDERED that the Debtors, with the assistance of the Notice and Claims Agent, are authorized, but not directed, to undertake all mailings directed by the Court, the United States Trustee or as required by the Bankruptcy Code, including, but not limited to, the notice of commencement and any other correspondence that the Debtors may wish to send to creditors and equity security holders; and it is further

6. ORDERED that, to the extent notice of pleadings and hearings is required to be provided to all creditors in accordance with Bankruptcy Rule 2002 or any other applicable Bankruptcy Rule or Local Bankruptcy Rule, the Debtors are authorized pursuant to Bankruptcy Rule 2002(l) to provide only publication notice thereof to their current and former members and customers; provided that nothing in this paragraph shall limit the notice required to be provided to such members and customers to the extent they hold claims that are impaired under the Plan; and it is further

7. ORDERED that the Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order; and it is further

8. ORDERED that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

9. ORDERED that the requirement set forth in Rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York that any motion or other request for relief be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Application or otherwise waived; and it is further

10. ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.


Dated: August 1, 2007
      New York, New York

                              /s/Burton R. Lifland
                              United States Bankruptcy Judge